UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZIYAO JIANG,

                Plaintiff,             **ORDER**
                                                                         24-CV-00889 (NRM) (LB)

      -against-

NA DU and GUNNING JU,

                Defendants.
------------------------------------------------------------x
NINA R. MORRISON, United States District Judge.

      On February 2, 2024, Plaintiff filed a complaint *pro se* against Na Du and Gunning Ju along with a request to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. The Court denied his IFP application on June 21, 2024, and directed Plaintiff to file a Long Form IFP application. ECF No. 7 at 3. Plaintiff submitted his Long Form IFP application on July 8, 2024. ECF No. 8. A review of Plaintiff's Long Form IFP application indicates that Plaintiff has sufficient assets to pay the $402.00 filing fee. For the reasons discussed below, Plaintiff's request to proceed IFP is denied, and he is granted fourteen (14) days from the date of entry of this Order to pay the $402.00 filing fee.

## DISCUSSION

      The Court may grant IFP status to a litigant and waive the filing fee upon a finding that the litigant is indigent. 28 U.S.C. § 1915; *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). A plaintiff seeking IFP status must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A court may, however, dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this district have interpreted this dismissal provision as authority to order that a litigant pay the filing fee or face dismissal of his complaint when the

litigant's statement of assets fails to establish that the litigant's resources are at or below the level required under the IFP statute. *See, e.g.*, *Lawrence v. Comm'r of Soc. Sec.*, No. 22-CV-2332, 2022 WL 1782586, at *1 (E.D.N.Y. May 31, 2022); *Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021); *Sommer v. County of Suffolk*, No. 16-CV-3631, 2016 WL 7191680, at *1 (E.D.N.Y. Dec. 12, 2016). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grimes v. Sil*, No. 19-CV-1066, 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019).

Here, the Explanation to AO 239 (Long Form) that Plaintiff has submitted with his application does not demonstrate that he is unable to pay the filing fee to commence this action. Plaintiff indicates that he has $21,381.52 in his bank accounts. ECF No. 8 at 7. For expenses, Plaintiff represents that he pays $750 per month in rent and has additional monthly payments totaling $1,368. *Id*. Plaintiff also reports that he has no dependents. *Id*. at 3. Plaintiff has "sufficient resources to pay" the $402.00 filing fee to commence this action. *Lawrence*, 2022 WL 1782586, at *1; *see, e.g.*, *Huynh v. Saul*, No. 20-CV-5450, 2021 WL 6494787, at *1 (E.D.N.Y. Dec. 8, 2021) (denying IFP where Plaintiff and his spouse's monthly income was $3,060.80, their monthly expenses were $2,571, they had $1,040 in cash or a checking account and reported no dependents). Plaintiff's request to proceed IFP is therefore denied.

## CONCLUSION

Plaintiff is hereby granted 14 days' leave from the entry of this Order to pay the $402.00 filing fee to proceed further with this action. If Plaintiff fails to pay the $402.00 filing fee or otherwise demonstrate that he cannot pay the filing fee within the required time, the action will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore *in forma pauperis* status is denied for the purpose of any

appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

    SO ORDERED.

<u>/s/ Nina R. Morrison</u>
NINA R. MORRISON
United States District Judge

Dated: Brooklyn, New York
      August 5, 2024